IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JADE BENGE, a Minor, by HOLLY BENGE, Guardian, and HOLLY BENGE, Individually | : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : : | |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : : | NO. 13-3388 |
| Defendant. | : | |

### MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND

**Baylson, J.**                                                                                              **September 19, 2013**

Plaintiffs have moved to voluntarily dismiss this action without prejudice or, in the alternative, remand back to state court. The Court will GRANT the Motion to Remand and DENY as moot the Motion to Voluntarily Dismiss because, as discussed below, Defendant has failed to establish that the state court action was still pending at the time of removal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2013, Plaintiffs Holly Benge ("Mother") and Jade Benge ("Daughter") filed a short form complaint against Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") in the consolidated Paxil Pregnancy litigation pending before Judge Arnold New in the Philadelphia Court of Common Pleas Mass Tort Program.[1] Plaintiffs are citizens of Florida. They allege that Daughter suffered a birth defect as a result of Mother's use of Paxil during pregnancy. Paxil is an antidepressant drug produced by GSX. Counsel for

---

[1] Pursuant to a case management order in the Paxil Pregnancy MTP, short form complaints incorporate by reference a long form complaint that was filed on March 7, 2007.

Plaintiffs filed eight similar actions against GSX on the same day that they filed the instant action.

When Plaintiffs filed this action, they alleged that GSK was a Pennsylvania citizen. Plaintiffs thus presumed that GSK could not remove to federal court because, under 28 U.S.C. § 1441(b)(2), in-state defendants cannot remove to federal court on the basis of diversity jurisdiction. On June 7, however, the Third Circuit held that GSK is a citizen of Delaware, not Pennsylvania. Johnson v. SmithKline Beecham Corp., --- F.3d ---, 2013 WL 2456043 (3d Cir. 2013).

At a June 17 hearing in the Philadelphia Court of Common Pleas, Plaintiffs' counsel informed Judge New that they were voluntarily dismissing, without prejudice, the nine cases against GSK that they had filed on May 30. An attorney representing GSK was present at this hearing. Later that day, Plaintiffs filed a Praecipe to Discontinue with the prothonotary's office and this praecipe was promptly entered into the state court docket.

On June 18, GSK—citing the Third Circuit's ruling in Johnson—filed a Notice of Removal for each of the nine cases. GSK filed a copy of this notice with the state prothonotary's office. The prothonotary entered the notice into the state court's online docket at 1:24 pm. At 3:34 pm, however, the prothonotary notified GSK's attorney by email that the notice of removal had been "rejected." The prothonotary's email explained that the rejection was necessary because "a Praecipe to Discontinue was filed on 6/17/13 which disposed of this case." Ten minutes later, the prothonotary added a new entry to the docket which stated that the notice of removal "was accepted in error" and that GSK would be "entitled to a full refund."

On June 25, Plaintiffs filed a motion with this Court to voluntarily dismiss this case without prejudice. (ECF No. 7). Plaintiffs argued that the action should be dismissed because (1)

the case had been discontinued in state court before GSK filed its notices of removal, and (2) the prothonotary's rejection of GSK's removal notice prevented the removal from becoming effective.[2] On July 18, Plaintiffs filed an alternative Motion to Remand on the grounds that the removal was improper under paragraphs (a) and (d) of 28 U.S.C. § 1446. (ECF No. 19). On September 11, 2013, this Court heard oral argument from the parties on both of Plaintiffs' motions,[3] which included statements from counsel about what transpired at the unrecorded June 17 state court hearing before Judge New.

## II. THE PARTIES' ARGUMENTS

The only arguments that are relevant to the disposition of this case are those concerning 28 U.S.C. § 1446(a). Under § 1446(a), a defendant that seeks to remove an action to federal court must file notice "in the district court of the United States for the district and division within which such action is pending." Plaintiffs argue that GSK did not comply with § 1446(a) because it filed the removal notice after the case had been voluntarily dismissed. It is Plaintiffs' position, therefore, that the case was no longer "pending" when GSK filed the notice.

GSK counters by arguing that the case had *not* been discontinued prior to removal. It is "black-letter Pennsylvania law," GSK states, that cases involving *minor plaintiffs* cannot be voluntarily dismissed by the "mere filing of a praecipe for discontinuation." In support of this assertion, GSK cites Rule 2039(a) of the Pennsylvania Rules of Civil Procedure which provides that: "No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Since

---

[2] Plaintiffs' counsel filed similar motions in each of the other eight cases that GSK had removed. On July 16, Judge Rufe granted the motion with a summary order in Santana v. GSK, No. 13-3394; on August 14, Judge Davis granted the motion with a 5-page order in Ravenel v. GSK, No. 13-3390; and on August 15, Judge Padova granted the motion with a summary order in Ligon v. GSK, No. 13-3392. Judge Padova's order adopted by reference the reasoning in Judge Davis's order.

[3] Another motion pending before this Court is GSK's Motion to Transfer this case to the Middle District of Florida. (ECF. No. 6). The parties did not address this motion at oral argument, and the Court need not address it here.

3

Daughter is a minor child, GSK argues that the case could not have been discontinued because Plaintiffs "neither filed a petition seeking discontinuation nor obtained a court approval for a discontinuation prior to removal." The fact that Plaintiffs filed a praecipe is insufficient, GSK argues, because a praecipe is "simply a request for the court prothonotary to perform an administrative action" and thus not a petition to the court.

Plaintiffs reject GSK's contention that they never got court approval. According to Plaintiffs, "the trial court was advised of and approved the discontinuance of Plaintiffs' action and eight other similarly situated Paxil birth defect cases" at the June 17 hearing. Plaintiffs assert that the case was discontinued in accord with "the long-standing practices and procedures of the Philadelphia Court of Common Pleas' Paxil Pregnancy MTP" as "hundreds of other plaintiffs who filed claims on behalf of their children" in the MTP have "discontinued their action in the exact same way."

### III.   LEGAL STANDARD

A civil action may be removed from state court to federal district court if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441(a). Upon the removal of an action to federal court, a plaintiff may move to remand on either jurisdictional or procedural grounds. 28 U.S.C. § 1447(c). When challenged, the defendant bears the burden of proving the propriety of removal. Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995). "[A]ll doubts" about the removability of a case under the federal removal statute "should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987).

### IV.   ANALYSIS

Based on the record, including representations from counsel at oral argument, the Court finds that the state proceeding was discontinued prior to removal. The basis for this conclusion is as follows:

First, a plaintiff seeking to voluntarily discontinue a case that involves a minor is not required under Pennsylvania law to submit a written request to the court. While Rule 2039(a) requires that a "petition" be presented to the court, the Pennsylvania Superior Court has held that a petition can be orally delivered. Klein v. Cissone, 443 A.2d 799, 802 (Pa. Super. 1982). This is significant because, at oral argument, Defense counsel did not dispute that Plaintiffs' counsel informed Judge New at the June 17 hearing that they were voluntarily dismissing all nine of the actions they had filed.

Second, Rule 2039 does not require that discontinuances be approved by a court order signed by a judge. The only paragraph in Rule 2039 that references discontinuances is paragraph (a) which simply states that a settlement, compromise, or discontinuance in a case involving a minor must receive "approval by the court"; the paragraph makes no reference to the need for an actual written or signed order. A court's "express permission" is thus sufficient to constitute approval for a plaintiff's voluntary discontinuance. Fancsalli v. Univ. Health Ctr. of Pittsburgh, 761 A.2d 1159, 1162 (Pa. 2000).

Third, Plaintiffs' counsel has represented to this Court that Judge New approved their oral request for discontinuance at the June 17 hearing. At oral argument on September 11, Plaintiffs' counsel stated that when he apprised Judge New of his plan to discontinue the nine cases, Judge New responded, "great, that's nine less cases I have to worry about."[4]  Plaintiffs'

---

[4] The Pennsylvania Supreme Court has stated that "in deciding whether to allow the discontinuance of an action involving a minor, the court must give some consideration to the interests of the minor." Fancsali, 761 A.2d at 1163. While Judge New's statement does not *expressly* address the interests of the Plaintiff Daughter, it is unclear whether express consideration is required where, as here, the case is part of a Mass Tort Program in which the judge

5

counsel stated that the hearing terminated shortly after this exchange and that Defense counsel did not raise any objections to the discontinuance. Since there is no transcript or recording of the June 17 hearing, there is no way for this Court to verify if counsel's representations are accurate. At oral argument, however, Defense counsel did not contradict Plaintiffs' recollection of the hearing, including what Plaintiffs' counsel told Judge New, what Judge New stated in response, and Defense counsel's failure to object.

Fourth, it is not Plaintiffs' burden to prove that the case was discontinued; it is GSK's burden to prove that the case was *not* discontinued because GSK bears the burden of proving the jurisdiction of this Court and the propriety of removal. Dukes, 57 F.3d at 359. GSK has attempted to meet this burden by arguing that the praecipe could not have disposed of the case because a praecipe does not qualify as a petition under Rule 2039. This argument loses its force, however, because Judge New orally approved plaintiffs' oral request for a voluntary dismissal at the June 17 hearing. Since GSK does not dispute Plaintiffs' representations about the June 17 hearing, GSK has the burden of demonstrating why Plaintiffs' statements to Judge New were not a "petition," why Judge New's response was not an approval, and why the dismissal without prejudice was improper. GSK has failed to meet this burden.

Finally, the state prothonotary's conclusion that the case was "disposed" on June 17 warrants a presumption of validity under the circumstances of this case. Under the presumption of validity, courts presume "in the absence of clear evidence to the contrary" that public officers "have properly discharged their official duties." United States v. Fry, No. 05-5300, 2007 WL 1696015, at *5-6 (E.D. Pa. Apr. 2, 2007) (quoting United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926)). Here, the prothonotary's office cited the praecipe filed by Plaintiffs' counsel as

---

has overseen many other similar cases and discontinuances. The brevity, therefore, of Judge New's remarks does not necessarily make his response insufficient to constitute an "approval," particularly since a minor's interests are accorded "lesser weight" when a court is considering a "simple discontinuance." Id. at 1162-63.

6

the basis for its disposal of the case.  While this conclusion may have been incorrect if Judge New had not orally approved Plaintiffs' oral request to discontinue, GSK has failed to provide evidence to demonstrate that Judge New did not so approve, or that the dismissal was improper under state law.  GSK provides no authority to warrant this Court reaching a contrary conclusion, as to the effect of the state court proceedings, including the docket entries, on GSK's ability to remove the case on June 18.  Accordingly, the court presumes that the prothonotary properly discharged its duty.

## V.    CONCLUSION

For the foregoing reasons, the Court concludes that removal was improper under 28 U.S.C. § 1446(a) because the case was no longer "pending" when GSK filed the removal notice. Accordingly, the Court will GRANT Plaintiffs' Motion to Remand and DENY as moot Plaintiffs' Motion to Voluntarily Dismiss.  The Court will also DENY GSK's Motion to Transfer.

An appropriate order follows.


O:\CIVIL 13\13-3388 benge v. smithkline\remand_opinion.docx